```
                    FILED
              CLERK, U.S. DISTRICT COURT

                   2/21/2025

              CENTRAL DISTRICT OF CALIFORNIA
              BY:      MMC       DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00120-FLA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 2114(a): Robbery of a United States Letter Carrier; 18 U.S.C. §§ 111(a)(1), (b): Assault on a Federal Employee With a Dangerous Weapon; 18 U.S.C. § 1704: Theft of Postal Keys; 18 U.S.C. § 1708: Mail Theft; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982, 18 U.S.C. § 1029, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| KARON SCOTT, aka "Karon Dejohn Scott," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2114(a)]

On or about December 22, 2023, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," knowingly and intentionally robbed Victim C.B., a person having lawful charge, custody, and control of mail matter

and other property of the United States, in C.B.'s official capacity as a United States Postal Service letter carrier, of property of the United States, and, in so doing, knowingly put C.B.'s life in jeopardy by using a dangerous weapon.

COUNT TWO

[18 U.S.C. §§ 111(a)(1), (b)]

On or about December 22, 2023, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," intentionally and forcibly assaulted, intimidated, and interfered with victim C.B., a United States Postal Service letter carrier, with the intent to commit another felony, while C.B. was engaged in, and on account of, the performance of C.B.'s official duties, and, in so doing, used a deadly and dangerous weapon.

COUNT THREE

[18 U.S.C. § 1704]

On or about December 22, 2023, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," knowingly stole and purloined keys suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptable for the deposit of mail matter, namely, one "arrow" key and one "modified arrow" key, with the intent to deprive the owner of the keys, temporarily and permanently, of their use and benefit.

COUNT FOUR

[18 U.S.C. § 1708]

On or about January 13, 2024, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," stole, took, and abstracted mail and mail matter, namely, mail addressed to various individuals within Los Angeles County and elsewhere, from and out of an authorized depository for mail, namely, the community mailboxes located at an address on the 1000 block of East Avenue S, Palmdale, California, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT FIVE

[18 U.S.C. § 1029(a)(3)]

On or about January 30, 2024, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), namely, approximately a total of 22 bank cards in his residence and in his vehicle, all belonging to persons other than defendant SCOTT, with said possession affecting interstate and foreign commerce.

COUNT SIX

[18 U.S.C. § 1028A(a)(1)]

On or about January 30, 2024, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," knowingly possessed, without lawful authority, means of identification that defendant SCOTT knew belonged to another person, namely, a debit card number and the name of victim P.E.G., during and in relation to the commission of Unlawful Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Five of this Indictment.

COUNT SEVEN

[18 U.S.C. § 1708]

On or about January 30, 2024, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, mail and mail matter addressed to various individuals within Los Angeles County and elsewhere, and at that time and place, defendant SCOTT knew that said mail and mail matter were stolen.

## COUNT EIGHT

[18 U.S.C. § 1708]

On or about October 8, 2024, in Los Angeles County, within the Central District of California, defendant KARON SCOTT, also known as "Karon Dejohn Scott," stole, took, and abstracted mail and mail matter, namely, mail addressed to various individuals within Los Angeles County and elsewhere, from and out of an authorized depository for mail, namely, a United States Postal Service vehicle located at 1030 East Avenue S, Palmdale, California, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924 and Title 28, United States Code, Section 2461(c), in the event of any of the defendant's conviction of any of the offenses set forth in Counts One, Four, Seven, and Eight of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following property:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense;

(b) All right, title, and interest in any firearm or ammunition involved in or used in or used in any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

10

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

1. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

   (b) Any personal property used or intended to be used to commit the offense; and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

1 court; (d) has been substantially diminished in value; or (e) has
2 been commingled with other property that cannot be divided without
3 difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

SARAH E. SPIELBERGER
Assistant United States Attorney
Asset Forfeiture & Recovery Section

13